UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEISHA SEALS,

                        Plaintiff,

   -v-                                        5:10-CV-1556

JOHN E. POTTER, Postmaster General, U.S.
Postal Service; DAVID DUBAR; KEVIN
STEHLE; and JOHN DOES 1–10,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

SMITH, SOVIK LAW FIRM               JOSE E. PEREZ, ESQ.
Attorneys for Plaintiff
250 South Clinton Street
Suite 600
Syracuse, NY  13202

HON. RICHARD S. HARTUNIAN       PAULA RYAN CONAN, ESQ.
United States Attorney                  Ass't United States Attorney
Northern District of New York
Attorney for Defendants
100 South Clinton Street
P.O. Box 7198
Syracuse, NY  13261

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

    Plaintiff Keisha Seals ("plaintiff" or "Seals"), former employee of the United States

Postal Service ("USPS"), brings this action against defendants John E. Potter, Postmaster

General of USPS ("Potter"); David Dubar ("Dubar") and Kevin Stehle ("Stehle"), USPS

managers; and John Does 1–10 (collectively "defendants").  Plaintiff alleges that defendants subjected her to a hostile work environment, race discrimination, and retaliation in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981a.  Plaintiff also brings two pendent state law claims.

Defendants have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for summary judgment pursuant to Rule 56.  Plaintiff opposes the motion.  Oral argument was heard on May 13, 2011, in Utica, New York.  Decision was reserved.

## II.  FACTUAL BACKGROUND

On March 16, 2009, Seals began working as a "casual" custodial employee at a USPS facility in Syracuse, New York.[1]  She was assigned to the evening shift and was the only African-American female working in the maintenance department at that time.  In April 2009 she filed a complaint with USPS supervisors after a co-worker stated, "black people are lazy."  Plaintiff claims this co-worker's mother, who also worked for USPS, threatened retaliation for her complaint.

Seals allegedly faced racial discrimination and an increasingly hostile work environment after filing the complaint.  Specifically, she claims Dubar and Stehle—who are both white—scrutinized her work performance more closely than they scrutinized other employees, fishing for reasons to "write her up."  Plaintiff also alleges she was denied vacation time while white employees were permitted days off, her shifts were changed to accommodate white employees, racist comments and jokes were made in her presence, and

---

[1] Throughout plaintiff's employment, there was an Equal Employment Opportunity ("EEO") poster hanging on the wall of the Syracuse facility.  This poster displayed in detail the EEO process that must be followed prior to filing a civil action against USPS.

her duties were increased in an effort to force her to quit.  Plaintiff maintains that she reported this treatment to USPS supervisors but the situation was not remedied.

In October 2009 a USPS facility in Watertown, New York, was closed, thereby displacing several "career" USPS employees.  On November 13, 2009, plaintiff's employment was terminated.  While defendants claim plaintiff's position was filled by a displaced Watertown employee, Seals maintains a white "new hire" replaced her.  Plaintiff further alleges that prior to her termination Dubar and Stehle advised they would "get rid of her," lied about the existence of three open casual custodial positions[2], and declared any open positions would be filled with their "own people."  Defendants assert that plaintiff was offered, but declined, a custodial position on the overnight shift.

Seals called the National Equal Employment Opportunity Investigative Services Office ("NEEOISO")[3] on November 18, 2009, to complain of discrimination.  She was informed by an "automated operator" that her initial contact with NEEOISO was complete and that a specialist would contact her.  On November 23, 2009, plaintiff received an EEO request for counseling packet in the mail.  Plaintiff claims she immediately completed the packet and mailed it back to NEEOISO the following day.  Nonetheless, plaintiff received a "failure to pursue" letter on December 11, 2009, indicating that her EEO case was being closed due to her failure to timely complete and return the counseling packet.

---

[2] Seals claims that she was advised by the main USPS office in Albany that three vacant custodial positions existed at the Syracuse facility at the relevant time.  Plaintiff confirmed this through external USPS publications and its website.  Moreover, plaintiff maintains that two white employees at the Syracuse facility, who were hired after her, were not terminated and later filled the positions she had been told were not open.

[3] "NEEOISO is the USPS' centralized office for handling all initial EEO contacts under Title VII." Byron Decl., Dkt. No. 11–2, ¶ 2.

Seals called NEEOISO for a second time on December 14, 2009, and another packet was mailed. She received this second packet on December 18, 2009. A letter accompanying the packet instructed plaintiff to fill out and return it within ten days. Plaintiff then called NEEOISO a third time and left a message advising that she received the second packet but pointing out that she had already submitted a completed counseling packet. Plaintiff admits she did not complete and return the second packet within ten days. Defendants assert that NEEOISO mailed Seals another failure to pursue letter on January 4, 2010. Plaintiff denies ever receiving a second failure to pursue letter.

In June 2010 plaintiff's attorney mailed the completed second packet to NEEOISO on her behalf. NEEOISO received this packet on June 21, 2010, and deemed the postmarked date—June 17, 2010—as the date of initial contact. Plaintiff had an initial counseling session with an EEO specialist on July 1, 2010. She elected to participate in alternative dispute resolution and, on August 23, 2010, engaged in an unsuccessful mediation session. Plaintiff was issued an EEO "Notice of Right to File Individual Complaint" on September 7, 2010, and she filed a formal written complaint of discrimination with USPS on September 14, 2010. On October 5, 2010, USPS dismissed the complaint, claiming she did not request EEO counseling within forty-five days of the alleged discrimination. This letter also indicated that plaintiff had the right appeal the decision to the Equal Employment Opportunity Commission ("EEOC") or file a civil action in federal court within ninety days. She filed this civil action on December 22, 2010.

## III. DISCUSSION

### A. Conversion of the Motion

A motion to dismiss may be converted into one for summary judgment if the nonmoving party has "sufficient notice" and an opportunity to respond to the motion for summary judgment. Groden v. Random House, Inc., 61 F.3d 1045, 1052 (2d Cir. 1995). To determine if notice is sufficient, "[t]he essential inquiry is whether the [non-movant] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." Id. (internal quotation marks omitted).

Seals had sufficient notice and an opportunity to meet facts outside the pleadings. Defendants' motion clearly indicates that they seek dismissal and/or summary judgment. Plaintiff responded to all of defendants' arguments and statement of material facts, and attached exhibits and affidavits to her response.

Accordingly, the motion will be considered as one for summary judgment.

### B. Motion for Summary Judgment—Legal Standard

The entry of summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509–10 (1986). A fact is "material" for purposes of this inquiry if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; see also Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005). A

material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510.

When summary judgment is sought, the moving party bears the initial burden of demonstrating that there is no genuine issue of material fact to be decided with respect to any essential element of the claim. Anderson, 477 U.S. at 250 n.4, 106 S. Ct. at 2511 n.4. Failure to meet this burden warrants denial of the motion. Id. If this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial. Id. at 250, 106 S. Ct. at 2511; Fed. R. Civ. P. 56(e).

When deciding a summary judgment motion, a court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party. Jeffreys, 426 F.3d at 553. Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); see also Anderson, 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

### C. Plaintiff's Concessions and Waiver Argument

Seals concedes that all non-Title VII claims must be dismissed as Title VII is the exclusive remedy for discrimination-related claims in the context of federal employment. Perez Aff., Dkt. No. 15, ¶ 22; see also Rivera v. Heyman, 157 F.3d 101, 105 (2d Cir. 1998) ("Title VII provides the sole remedy for federal employees alleging employment discrimination."). Seals also admits that Potter is the only proper defendant in this action. Perez Aff., ¶ 22; see also 42 U.S.C. § 2000e-16(c) (2006) (providing "the head of the department, agency, or unit . . . shall be the defendant" in a discrimination action filed by an

aggrieved federal employee).  Accordingly, all claims—except for the Title VII causes of action—and all defendants, except for Potter, will be dismissed.

Defendants assert that these remaining claims must also be dismissed because Seals failed to timely exhaust available administrative remedies.  In response, plaintiff argues that defendants effectively waived the exhaustion defense by accepting and pursuing her June 2010 request for counseling.

In Belgrave v. Pena, the Second Circuit held that "government agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint."  254 F.3d 384, 387 (2d Cir. 2001) (per curiam).  A year later the Court clarified that "[a]n agency waives a timeliness objection by making an express finding that the complaint was timely or failing to appeal an EEOC determination of timeliness."  Bruce v. U.S. Dep't of Justice, 314 F.3d 71, 74 (2d Cir. 2002).

Although defendants accepted plaintiff's June 2010 request for counseling, they did not make an express finding that it was timely.  Instead, it was specifically noted in the EEO specialist's September 2010 report that "Counselee was advised that a formal complaint may be dismissed for failure to contact EEO or proceed with her complaint within regulatory timeframes."  Compl., Ex. A, Dkt. No. 1, 9.  Moreover, USPS expressly dismissed plaintiff's complaint as untimely in October 2010.[4]  Therefore, defendants neither found Seals's complaint to be timely nor failed to appeal an EEOC determination of timeliness.

Accordingly, defendants did not waive the failure to exhaust defense.

---

[4] As a district court is to review the evidence de novo in Title VII litigation, the determination of untimeliness by USPS is not binding.  Daigle v. West, 225 F. Supp. 2d 236, 247 (N.D.N.Y. 2002) (Scullin, C.J.).

### D. Exhaustion of Remedies

Prior to filing a Title VII action in federal court, an aggrieved employee must first consult with an EEO counselor to attempt to informally resolve the matter. 29 C.F.R. § 1614.105(a). The employee must "initiate contact" with a counselor within forty-five days of the alleged discrimination. Id. § 1614.105(a)(1). At an initial counseling session, the employee can elect to participate in an alternative dispute resolution process. Id. § 1614.105(b)(2). If the matter cannot be resolved through informal counseling, the counselor must inform the employee of her right to file a formal complaint with the agency. Id. § 1614.105(d). The employee then has fifteen days within which to file such a complaint. Id. § 1614.106(a). Thereafter, the agency must dismiss any untimely complaint or complete an investigation within 180 days. Id. §§ 1614.107(a)(2), 1614.106(e)(2). The agency must then issue a final agency decision either explaining the dismissal or detailing the findings of the investigation. Id. § 1614.110(b). This final decision must also advise the employee of her right to either appeal the decision to the EEOC or file a civil action in federal court within a defined time period. Id.

The purpose of these statutory steps, and the exhaustion requirement in general, "is to provide an opportunity for the resolution of discrimination complaints by means of 'conciliation, conference, and persuasion.'" Wrenn v. Sec'y, Dep't of Veteran Affairs, 918 F.2d 1073, 1078 (2d Cir. 1990) (quoting 29 C.F.R. § 626(d)). It also gives the agency "the opportunity to investigate, mediate, and take remedial action." Stewart v. U.S. Immigration & Naturalization Serv., 762 F.2d 193, 198 (2d Cir. 1985). An aggrieved employee who initiates administrative proceedings is obliged to fully exhaust such proceedings in a "timely fashion" before filing a civil suit against a federal employer. Id.; Briones v. Runyon, 101 F.3d 287, 289 (2d Cir. 1996). Moreover, the employee has an obligation to participate in the process in

good faith by cooperating with the administrative investigation and providing necessary information. Wrenn, 918 F.2d at 1078. An employee who intentionally disrupts the administrative process, such that the agency dismisses the complaint without ever reaching the merits of the allegations, may be deemed to have failed to exhaust available remedies. See Johnson v. Bergland, 614 F.2d 415, 417 (5th Cir. 1980) (employee's failure to provide specific facts regarding alleged discrimination prevented agency from ruling on the merits of his complaint); Matos v. Hove, 940 F. Supp. 67, 71–72 (S.D.N.Y. 1996) (same).

It is undisputed that plaintiff called NEEOISO on November 18 and December 14, 2009—within forty-five days of her alleged discriminatory termination on November 13, 2009. Moreover, viewing the evidence in the light most favorable to Seals, she completed and mailed the first EEO counseling packet the day after receiving it. She was also informed during the November 18, 2009, phone call that she had completed her initial contact and that a specialist would contact her. She thus "initiated contact" with an EEO counselor within the required time-frame.

Defendants do not dispute that contact was initiated in a timely fashion. Instead, defendants argue plaintiff effectively abandoned her request for EEO counseling by waiting over six months before mailing the second counseling packet despite knowing the first one had not been received. Although Seals fails to identify an excuse for her failure to mail the second packet until June 2010, she denies abandoning her claim. At oral argument plaintiff's counsel explained Seals was under the impression that, having initiated contact with a counselor within forty-five days, she was to await contact from a specialist—thus suggesting she was simply waiting to be contacted during those six months. Counsel also argued that six months is not an "unreasonable" amount of time to lapse before filing a completed

counseling packet and is not long enough to indicate an abandonment of the request for counseling.

Defendants do not identify any case law supporting their assertion that a six-month lapse constitutes an abandonment of a claim. Indeed, there is no clearly defined amount of time that must pass before an aggrieved employee is deemed to have "abandoned" her claim.[5] Paperwork accompanying the counseling packet instructs the aggrieved employee to complete and return the packet within ten days; otherwise the request for counseling "may" be canceled. Byron Decl., Ex. B. However, this ten-day time-frame does not appear in statute or the Code of Federal Regulations and is therefore not binding. See Schweiker v. Hansen, 450 U.S. 785, 789, 101 S. Ct. 1468, 1471 (1981) (holding that a Social Security Administration ("SSA") manual is not a regulation and therefore "has no legal force, and it does not bind the SSA").

In a case with strikingly similar facts, the Second Circuit affirmed the grant of summary judgment dismissing a plaintiff's claim because he failed to exhaust administrative remedies. See Dudek v. Henderson, 199 F.3d 1321 (2d Cir. 1999) (Table; unpublished opinion found at 1999 WL 1024658). Dudek, a USPS employee complaining of discrimination, requested EEO counseling within forty-five days of the alleged discriminatory conduct. Id. at *2. He was mailed a counseling packet, which he claimed to have completed and returned. Id. However, the EEOC never received the packet and subsequently sent him a failure to pursue letter advising that his request for counseling was closed. Id. Dudek did not respond until

---

[5] Most case law regarding the abandonment of claims involves plaintiffs who either refused an agency's offer of full relief or affirmatively withdrew their administrative claims before the agency issued a final decision. See, e.g., Wrenn, 918 F.2d at 1078; Lucenti v. Potter, 432 F. Supp. 2d 347, 357–58 (S.D.N.Y. 2006). It is undisputed that Seals did not affirmatively withdraw her request for EEO counseling, and USPS did not offer her full relief.

over one year and nine months later, at which time he filed a new request for counseling and acknowledged in writing that "I know this letter is well over do [sic]." Id. The EEOC accepted the new request, which Dudek "pursued."[6] Id. However, USPS dismissed the complaint only one month and three weeks later, arguing it was untimely. Id.

The Court noted that although Dudek initiated contact with an EEO counselor within the requisite time-frame, "[w]e find more salient the fact that Dudek abandoned his administrative remedies and failed to cooperate with or provide information to the EEO" for over one year and nine months. Id. While this unpublished case is not precedential, it provides guidance as to the amount of time that must lapse before an employee is deemed to have abandoned his or her administrative claim. Indeed, the Dudek Court found over one year and nine months to be too long of a gap between initiating contact with an EEO counselor and submitting a completed counseling packet.

Here, however, Seals waited a significantly lesser amount of time—only six months—during which she attempted to contact NEEOISO by phone once and was expecting to be contacted by an EEO specialist. Moreover, it is undisputed that when plaintiff filed the second counseling packet and NEEOISO accepted her June 2010 request for counseling, she cooperated with the specialist and provided requested information. USPS dismissed her formal complaint over three months after NEEOISO accepted her request for counseling—after plaintiff had participated in counseling, mediation, and an internal

---

[6] The Dudek Court did not explain how he "pursued" his claim. Therefore, it is not clear whether Dudek filed a second counseling packet, met personally with a counselor, and engaged in a mediation session as Seals did. Similarly, it is unknown whether Dudek's allegations triggered an investigation or if any USPS employees were interviewed.

investigation. These facts make this case clearly distinguishable from Dudek such that Seals cannot be said to have abandoned her administrative remedies.

More importantly, the policy underlying the exhaustion requirement was served in this case. USPS had timely notice of the situation and ample opportunity to resolve the matter informally. Seals participated in an initial counseling session with an EEO specialist on July 1, 2010. She then elected to participate in alternative dispute resolution and engaged in an unsuccessful mediation session on August 23, 2010. Further, defendants took over three months to investigate the merits of plaintiff's allegations and attempt to informally resolve the matter. Indeed, the EEO specialist interviewed two USPS managers—one of whom was Stehle—about the specific allegations contained in plaintiff's request for counseling. These interviews triggered an internal inquiry conducted by a USPS manager. Compl., Ex. A, at 11. During this inquiry plaintiff was interviewed over the phone. This inquiry ultimately did not substantiate plaintiff's allegations of discrimination. However, USPS did have an opportunity to investigate and take remedial action, if appropriate.

Finally, plaintiff filed this action after receiving notice from USPS that her formal complaint had been dismissed as untimely pursuant to 29 C.F.R. § 1614.107(a). This constituted a final agency decision. See 29 C.F.R. § 1614.110(b). Therefore, Seals filed this action after pursuing her available administrative remedies to a final agency decision.

Accordingly, defendants' motion for summary judgment with regard to the Title VII claims will be denied.

## IV. **CONCLUSION**

Seals concedes that all non-Title VII claims and all defendants, except Potter, must be dismissed. Plaintiff initiated contact with an EEO counselor within the required forty-five days

but admittedly failed to return a completed second counseling packet for over six months, during which she was waiting to be contacted by an EEO specialist. Thereafter, plaintiff did file the second packet and her request for counseling was accepted. She participated in a counseling session, mediation attempt, and internal investigation into the allegations. Plaintiff did not abandon her administrative remedies, and all the purposes of the exhaustion requirement were served.

Therefore, it is

ORDERED that

1. Defendants' motion for summary judgment is GRANTED in part and DENIED in part;

2. Defendants David Dubar, Kevin Stehle, and John Does 1–10 are DISMISSED;

3. All claims brought pursuant to 42 U.S.C. § 1981a are DISMISSED;

4. All New York state law claims are DISMISSED;

5. Defendants' motion for summary judgment as to the Title VII claims against the sole remaining defendant, United States Postmaster General John E. Potter, is DENIED; and

6. Defendant Potter shall file an answer to the Title VII claims in Counts I, II, III, and V of the Complaint on or before June 10, 2011.

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 27, 2011
       Utica, New York.